# LAYNE v. CAMPBELL et al.—219 S. W. (2d) 917.

Middle Section.    January 8, 1949.

Petition for Certiorari denied by Supreme Court, April 30, 1949.

Raulston, Raulston & Swafford, of South Pittsburg, for appellant.

A. A. Kelly, of South Pittsburg, for appellees.

HOWELL, J.  These two suits were filed by James H. Campbell, Jr., a minor, by next friend, and by his father James H. Campbell, Sr. against the defendants Ed Layne and O. A. McNeece and are for damages for personal injuries to James H. Campbell, Jr., growing out of an accident in a coal mine in Marion County, Tennessee, in which he sustained serious and permanent injuries by reason of a large rock falling from the top or roof of the room in the mine in which he was working.  The declarations alleged that the accident was caused by the negligence of the defendants in failing to furnish proper timbers for use as props and in failing to comply with the law as to having the mine inspected and in not having a qualified mine foreman and in otherwise not furnishing plaintiff a safe place in which to work and in not warning him, an inexperienced boy, as to the dangers of the work.  The declarations further alleged that the defendants employed more than five men and had not complied with the Workmen's Compensation Law as contained in the Code of Tennessee Section 6851 et seq.
. In addition to the plea of not guilty the defendant Ed Layne separately pleaded that his codefendant O. A. McNeece was an independent contractor in the operation of the mine and in the sole charge of such operation.

The cases were tried together before the court and a jury and resulted in verdicts in favor of both plaintiffs, for James H. Campbell, Jr., $7,500 and for his father James H. Campbell, Sr., $2,500 against the defendant

Ed Layne which were approved by the trial Judge. By proper procedure the cases have been appealed in error to this Court and a number of assignments of error have been filed.

Some time prior to the accident in which the plaintiff sustained the injuries complained of, the defendant Ed Layne leased from the owners a tract of land containing about twenty-five acres in Marion County for the purpose of mining coal therefrom. Several openings were made and Layne mined coal himself for about one year. Thereafter he leased the mines on this land to others from time to time and in December 1946 entered into a verbal arrangement with the defendant O. A. McNeece for the mining of coal in one of the mines on this land. By this arrangement the defendant Layne was to pay the owners of the land the royalty on all coal mined and removed therefrom and was to furnish all necessary materials, supplies, equipment, mules and mining cars for the mining of the coal (except powder, dynamite and fuse), and was also to keep the mining equipment in operating condition during the term of the contract. The defendant McNeece was to employ and pay the help, fix wages and hours and places of work and direct the manner of the discharge of their duties by the employees and was to deliver the coal mined to the hopper or tipple at the mouth of the mine at a stipulated price per ton. There were allegations in the declaration that this agreement by Layne with McNeece was not in good faith but only an effort on the part of Layne, a man financially responsible, to avoid any liability by attempting to create McNeece, a man not financially responsible, an independent contractor.

It is insisted for the plaintiffs that the injuries received by the minor plaintiff were the direct result of the failure of the defendant Layne to furnish the necessary timbers for props which were, under his own version of his contract with McNeece, to be furnished by him. From the record it is evident that the jury took this view of the facts as they declined to render any verdict against the defendant McNeece, and did render verdicts against Layne. These verdicts are supported by competent and material evidence.

The question of who is and who is not an independent contractor has recently been fully discussed in an opinion of this Court by Felts, Judge, which was adopted by the Supreme Court in the case of D. M. Rose & Company v. Snyder, reported in 185 Tenn. 499, 206 S. W. (2d) 897. We do not find it necessary to discuss the question as to whether or not McNeece was an independent contractor in this case because the evidence disclosed that the accident was caused by the negligence of defendant Layne in not doing what he admits he was obligated to do, namely: furnishing all necessary materials, supplies, equipment, mules, etc. for the mining of the coal. The timber for the props was therefore to be furnished by Layne and there was substantial testimony that he failed in this and the jury found him negligent in so doing.

It is insisted for the defendant that the plaintiff's injuries were due to his failure to exercise ordinary care for his own safety and not due to any negligence of the defendant.

There was material evidence in this record that the defendants employed more than five men regularly in this mine and that they had not complied with the Workmen's Compensation Laws of the State as set out in

Section 6851 et seq. of the Code. Section 6862 is as follows:

"Employer not operating under this law cannot make certain defenses to suit of employee electing to so operate.—Every employer who elects not to operate under this chapter shall not, in any suit brought against him by an employee who has elected to operate under the provisions of this chapter, to recover damages for personal injury or death arising from accident, be permitted to defend such suit upon any of the following grounds, namely: "(a) That the employee was negligent.

"(b) That the injury was caused by the negligence of a fellow servant or fellow employee.

" (c) That the employee had assumed the risk of the injury."

This record also discloses that these defendants had not complied with any of the Statutes regulating the business of mining coal as contained in the Code Section 5539 et seq. These laws were enacted "for the purpose of greater protection to the life and health of persons, employed in and around the mines," and penalties are imposed for failures to comply with them.

It is insisted for the defendant that he, Layne, cannot be held liable as the jury returned a verdict in favor of his codefendant McNeece. As we have seen the defendant Layne was charged with negligence in failing to furnish timber for props and this negligence was alleged to be the cause of the injuries and there was evidence upon which the jury could have based its verdict upon this ground. It is evident from the record that the jury did not believe McNeece to have been guilty of any negligence. In the case of Lovelman Co. v. Bayless, 128 Tenn. 307, 160 S. W. 841, Ann. Cas. 1915C, 187, the

Supreme Court held that where a master is liable for an injury to a third person on grounds other than the misconduct of a servant, he may be held liable notwithstanding a verdict in favor of the servant. In this case the negligence was on the part of Layne in not furnishing the props and no negligence was proven against McNeece whether he was a servant or an independent contractor. Layne admits that he was to furnish props and there was evidence that he did not do so and that this failure on his part was the proximate cause of the accident resulting in the injury to the plaintiff.

It results therefore that all the assignments of error are overruled and the judgments of the trial Court are affirmed. Judgments will be entered here for the amounts of the judgments below with interest and costs.

Affirmed.

Felts and Hickerson, JJ., concur.